UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOIS GONZALES,

       Plaintiff,

v.                                                    Case No. 1:09-CV-463

COMMISSIONER OF SOCIAL               HON. GORDON J. QUIST
SECURITY,

       Defendant.
_____/

## ORDER ADOPTING THE MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Plaintiff has objected to the Report and Recommendation issued June 3, 2010, in which the Magistrate Judge recommended that the Administrative Law Judge's (ALJ) decision denying disability benefits be affirmed. After conducting a *de novo* review of the report and recommendation and the materials on file, the Court concludes that the report and recommendation should be adopted as the opinion of the Court.

The Magistrate Judge addressed the same arguments now raised in Plaintiff's objections. In her first objection, Plaintiff argues that the ALJ erred in finding that Plaintiff was not credible. Plaintiff claims that the lack of corroborating evidence for her ailments is not a sufficient inconsistency to reject her credibility. As the Sixth Circuit has stated, "[i]t is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007). However, "such determinations must find support in the record." *Id.* Plaintiff has failed to show that the ALJ's credibility determination was not supported by substantial evidence.

First, regarding the counseling Plaintiff received for depression, Plaintiff's treatment records show she was oriented times three in February 2007, but Plaintiff was oriented times four starting July 2007 and remained at that state. (A.R. 775-818.) This indicates that Plaintiff's mental condition improved over time and supports the ALJ's finding that Plaintiff's discontinued treatment undercuts her claim of continued severe depression. Similarly, Plaintiff does not cite any objective medical evidence stating that an aggressive orthopedic treatment would be futile, nor does Plaintiff explain how the ALJ's findings on Plaintiff's lumbar degeneration affected the outcome of this case in light of the ALJ's determination that Plaintiff's underlying conditions were capable of producing the alleged symptoms. Finally, while there is some evidence that contradicts the ALJ's determination that Plaintiff's pain is under control and that her activities of daily living show Plaintiff can continue to work, this Court cannot reweigh the evidence and must affirm the ALJ's decision if there is substantial evidence in the record. *See Gaffney v. Brown*, 825 F.2d 98, 100 (6th Cir. 1987). As the ALJ noted, the objective medical records state that Plaintiff's pain was reduced by using over the counter pain medications, and Plaintiff stated in her own function report that she spends one hour each day cooking, two hours doing dishes, and that she also plays cards and watches television. (A.R. 85-87.) Therefore, the Court finds that the ALJ's credibility determination was supported by substantial evidence.

In her second objection, Plaintiff argues that the ALJ erred in finding that Physician Assistant Schram was not credible. When reviewing a non-medical source's findings, an ALJ must give specific consideration to the non-medical source's functional assessments, and if he chooses to reject the opinion, the ALJ must explain his reason for doing so. *See Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 541 (6th Cir. 2007) (holding that future ALJs must give specific consideration to a nurse practitioner's functional assessments pursuant to SSR 06-03P but declining to apply the rule in that case because SSR 06-03P was not implemented until after the final decision was issued).

In evaluating a non-medical source's opinion, the ALJ should consider factors such as "how long the source has known the individual, how consistent the opinion is with other evidence, and how well the source explains the opinion." *Id*.

In his decision, the ALJ wrote,

> Ms. Schram has stated that it is a computer glitch that her notes show that the claimant has 'full range of motion, all joints' and that the claimant actually has decreased range of motion. This inconsistency and the relatively normal findings upon physical examination throughout the medical reports of record diminish Ms. Schram's opinion concerning the claimant's inability to hold gainful employment. The undersigned . . . does not give any weight to the physician assistant's opinions.

(A.R. 452.) Plaintiff argues that the ALJ was required to give a "good reason" for rejecting Physician Assistant Schram's opinion and a mere "inconsistency" in her notes does not meet that standard. The Court disagrees. The SSR 06-03P regulation, as interpreted by the Sixth Circuit in *Cruse v. Commissioner of Social Security*, requires only that the ALJ provide "some basis" for discounting a non-medical source's opinion. 502 F.3d at 541. This is not the same hurdle that must be surmounted to discount the opinion of a "treating source," as Plaintiff suggests it is. Nor did the ALJ reference only the inconsistency in Physician Assistant Schram's notes as the basis for rejecting her opinion. Rather, the ALJ also found her opinion to be inconsistent with the other medical reports of record. As such, the Court finds no error in the ALJ's decision to reject Physician Assistant Schram's opinion.

Finally, in his decision, the ALJ found that Plaintiff has the following severe impairments: right-shoulder degenerative arthritis; moderate degenerative disc disease of the low back; mild depression; and a history of polysubstance dependence. In her third objection, Plaintiff claims that the ALJ erred by failing to also find the degeneration in her left shoulder to be severe. As the Magistrate Judge observed, "[o]nce the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does

3

not constitute reversible error" because the ALJ can consider the separate condition in his RFC analysis. (Report and Recommendation, at 13 (citing *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987))); *see also Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009) (stating that "when an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two does not constitute reversible error" (quotations and citation omitted)). Although the ALJ did not find the degeneration in Plaintiff's left shoulder to be severe, he was free to and did consider all of Plaintiff's symptoms in the remaining steps of the disability determination, including those caused by non-severe impairments. Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (docket no. 10) is **ADOPTED** as the Opinion of the Court. The decision of the Commissioner denying Plaintiff disability benefits is **AFFIRMED**.

A separate Judgment will issue.


Dated: September 29, 2010 　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE